UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| EFLO ENERGY, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. CIV-19-544-J |
| | ) |
| DEVON ENERGY CORPORATION, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the Court are Defendant's Motion to Strike Plaintiffs' Response to Defendant's Motion for Summary Judgment (Motion) and Plaintiffs' Response in Opposition thereto (Response). [Doc. Nos. 122, 123]. Defendant is correct that Plaintiffs' Response to Defendant's Motion for Summary Judgment [Doc. No. 120] does not comply with the requirements of Local Civil Rule 56.1(c):

> The brief in opposition to a motion for summary judgment . . . shall begin with a section responding, *by correspondingly numbered paragraph*, to the facts that the movant contends are not in dispute and shall state any fact that is disputed. Separately, the brief in opposition may, in concise, numbered paragraphs, state any additional facts the nonmovant contends preclude judgment as a matter of law.

The Court has, multiple times, previously instructed Plaintiffs (either separately or in conjunction with Defendant) to adhere to the Court's requirements. [Doc. Nos. 51, 66, 81, 95, 99]. The Court has also confirmed with the Clerk of the Court that in his application to the Bar of the Western District of Oklahoma, Mr. Garrett attested to his familiarity with the Court's Local Rules; and the Court notes that in their motions for pro hac vice admission, both Mr. Schwartz and Mr. Deaton attest to their familiarity with the Court's Local Rules. *See* Application of David M. Garrett, Jr. signed January 13, 2006; [Doc. Nos. 34-1, 36-1]. Clearly, however, none of Plaintiffs'

attorneys confirmed that their filing was in compliance with these Local Rules, even having been granted two extensions in which to do so.  *See* [Doc. Nos. 109, 119].

Moreover, having been apprised of their failure to comply with the Local Rules, Plaintiffs continued to violate the Local Rules by including in their Response a motion to file an amended response to Defendant's Motion for Summary Judgment.  Response at 5; LCvR7.1(c) ("A response to a motion may not include a motion or cross-motion made by the responding party.").  For this reason, the Court will not consider Plaintiffs' motion.

With respect to Defendant's Motion, while the Court shares Defendant's frustration with Plaintiffs' continued lack of compliance with the Local Rules, the Court finds both of Defendant's proposed sanctions to be inappropriate.[1]  However, the Court does find it appropriate to STRIKE Plaintiffs' Response to Defendants' Motion for Summary Judgment.  [Doc. No. 120].  As such, Defendant's Motion to Strike Plaintiffs' Response to Defendant's Motion for Summary Judgment [Doc. No. 122] is GRANTED IN PART and DENIED IN PART.

Plaintiffs may move for permission to file an amended response by 5:00 p.m., January 19, 2022.  Prior to submitting such motion, each of Plaintiffs' attorneys must thoroughly and carefully read the Court's Local Civil Rules and individually certify to the Court that he has done so.  Certifications shall be submitted by email to jones-orders@okwd.uscourts.gov.

IT IS SO ORDERED this 18th day of January, 2022.

BERNARD M. JONES
UNITED STATES DISTRICT JUDGE

---

[1] In essence, Defendant proposes either striking Plaintiffs' Response to Defendant's Motion for Summary Judgment without leave to refile or deeming the material facts set forth in Defendant's Motion for Summary Judgment as true and admitted.  Motion at 4.